## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, CHAMPAIGN-URBANA DIVISION

| | |
|---|---|
| JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, KANKAKEE COUNTY, a body politic; KANKAKEE COUNTY DETENTION CENTER, a public entity; JEROME COMBS DETENTION CENTER, a public entity; MJS ADVANTAGE, INC., a corporation; TIMOTHY F.  BUTKOWSKI; MICHAEL DOWNEY; HEATHER GILL, R.N.; TIMOTHY MENARD, P.A.; CLYDE DAYHOFF, D.O.; and IVETTE CHAREE SANGSTER, L.P.N. <br><br> Defendants. | No. |

### COMPLAINT AT LAW

### COUNT I
### MEDICAL MALPRACTICE V. UNITED STATES OF AMERICA
### - FEDERAL TORT CLAIMS ACT

The Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY

LIPSEY, a disabled minor, by and through his attorneys, SCHOEN BROWNE, P.C.,

complaining of the Defendant UNITED STATES OF AMERICA states:

1.     That Count I of this action is filed under the Federal Tort Claims Act, 28

U.S.C. 1346(b) and 2671, et. seq.

2.     That this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     That venue in the United States District Court for the Central District of Illinois is appropriate because a substantial part of the events giving rise to the claim occurred within that District.

4.     That before this action was instituted, the claims set forth herein were presented to the Federal Bureau of Prisons of the Defendant UNITED STATES OF AMERICA, a copy of said claim being attached hereto and incorporated herein as Exhibit A.

5.     That on October 12, 2011, before this action was instituted, the claims set forth herein were denied by the Federal Bureau of Prisons of the Defendant UNITED STATES OF AMERICA, a copy of said denial letter being attached hereto and incorporated herein as Exhibit B.

6.     That this suit is commenced within six months of the denial by the Defendant UNITED STATES OF AMERICA of this claim.

7.     That the Plaintiff, JOHN LIPSEY, is father of Plaintiff's minor, JOHNAY LIPSEY, and has been awarded legal custody of JOHNAY LIPSEY pursuant to Court Order, a copy of said Order of Appointment being attached hereto and incorporated herein as Exhibit C.

8.     That at all times mentioned herein, the Federal Bureau of Prisons and the United States Marshall Service of the Defendant UNITED STATES OF AMERICA operated, managed, maintained, and controlled the Federal Prison System in which they took custody of federal inmates, housed or provided housing for prisoners in federal custody, and assumed responsibility for assuring that federal inmates received timely and proper medical care and treatment.

2

9.      That at all times mentioned herein, there was an agreement in effect between the United States Marshall Service of the Defendant UNITED STATES OF AMERICA and the KANKAKEE COUNTY DETENTION CENTER for housing of federal prisoners.

10.     That at all times mentioned herein, Wenona White, mother of Plaintiff's minor, JOHNAY LIPSEY, was a federal detainee in the custody of the Defendant UNITED STATES OF AMERICA.

11.     That at all times mentioned herein, Wenona White was pregnant with Plaintiff's minor, JOHNAY LIPSEY, and was in the last trimester of her pregnancy.

12.     That at all times mentioned herein, Defendant UNITED STATES OF AMERICA took custody of Plaintiff's minor, JOHNAY LIPSEY, a viable fetus in the last trimester of gestation.

13.     That at all times mentioned herein, the Defendant UNITED STATES OF AMERICA, in taking custody of Plaintiff's minor JOHNAY LIPSEY, undertook the medical management, prenatal care, and delivery of JOHNAY LIPSEY during this pregnancy.

14.     That at all times mentioned herein, agents and employees of the Federal Bureau of Prisons, the United States Marshall's Service, and the Defendant UNITED STATES OF AMERICA, acting within the course and scope of their employment and agency, were involved in the custody of Plaintiff's minor, JOHNAY LIPSEY, her prenatal care, and the management of the pregnancy resulting in her delivery.

15.     That at all times mentioned herein Wenona White, while in custody of Defendant UNITED STATES OF AMERICA, had an obstetrical history of placental abruption, hypertension, and caesarean section delivery during her prior pregnancy.

16.     That at all times mentioned herein, Defendant UNITED STATES OF AMERICA, knew or should have known that Wenona White, who was in federal custody and was in the last trimester of her pregnancy, had a history of placental abruption, hypertension, and caesarian section delivery during her prior pregnancy.

17.     That on September 11, 2009, while Wenona White was in federal custody, Defendant UNITED STATES OF AMERICA transferred her to a holding facility at KANKAKEE COUNTY DETENTION CENTER/JEROME COMBS DETENTION CENTER.

18.     That following this transfer, Defendant UNITED STATES OF AMERICA, was informed that KANKAKEE COUNTY DETENTION CENTER/JEROME COMBS DETENTION CENTER could not provide the care required for Plaintiff's minor, JOHNAY LIPSEY, for her medical management, and for the management of the pregnancy resulting in her delivery.

19.     That at all times mentioned herein, the Defendant UNITED STATES OF AMERICA, by and through its duly authorized agents and employees, acting within the course and scope of their employment and agency, were inattentive, careless and negligent in managing the custody of Plaintiff's minor, JOHNAY LIPSEY, her prenatal care and the management of the pregnancy resulting in her delivery.

20.     That on September 22, 2009, while a federal inmate of the UNITED STATES OF AMERICA and while being housed by them at KANKAKEE COUNTY DETENTION CENTER/JEROME COMBS DETENTION CENTER, Wenona White gave birth to Plaintiff's minor, JOHNAY LIPSEY.

21.     That on September 22, 2009, prior to and at the time of delivery, Wenona White had an abruption of her placenta.

4

22.     That on September 22, 2009, Plaintiff's minor, JOHNAY LIPSEY, was born with serious and permanent injuries including severe hypoxic ischemic encephalopathy, spastic quadriplegia, cerebral palsy, profound brain damage, and other injuries.

23.     That at all times mentioned herein, Defendant UNITED STATE OF AMERICA was careless, negligent, and inattentive in one or more of the following respects:

    a.    failure to properly and timely monitor, examine, diagnose, and treat Wenona White for placental abruption;

    b.    failure to properly and timely monitor, examine, diagnose, and treat Wenona White for pre-eclampsia;

    c.    failure to properly and timely monitor, examine, diagnose, and treat Wenona White for hypertension in pregnancy;

    d.    failure to properly and timely monitor, examine, diagnose, and treat Wenona White for vaginal hemorrhaging;

    e.    failure to properly and timely monitor, examine, diagnose, and treat Wenona White for abdominal pain;

    f.    failure to provide a proper and timely delivery of Wenona White's pregnancy;

    g.    failure to perform a timely caesarian section on Wenona White;

    h.    failure to take a proper, timely and complete history of Wenona White, including a history of her prior conditions during pregnancy;

    i.    failure to properly evaluate the significance of Wenona White's prior conditions and the delivery of her prior pregnancies to her condition and health care needs while in their custody;

    j.    failure to properly evaluate the risk level to Plaintiff's minor, JOHNAY LIPSEY, involved in Wenona White's pregnancy;

    k.    failure to provide Wenona White with the level of care, monitoring, and treatment commensurate with the risk level of her pregnancy;

    l.    failure to respond in a proper and timely fashion to Wenona White's condition during her pregnancy;

5

m.  failure to perform proper and timely examination of Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

n.  failure to make a proper and timely diagnosis of fetal distress in Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

o.  failure to properly monitor the condition of Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

p.  failure to make a proper and timely transfer of Wenona White to a hospital specializing in management and delivery of her pregnancy;

q.  failure to confirm on a proper and timely basis that an obstetrical delivery team was immediately available to deliver Plaintiff's minor, JOHNAY LIPSEY;

r.  failure to have a proper protocol in place for the detection, monitoring, diagnosis, and treatment of Plaintiff's minor, JOHNAY LIPSEY's fetal distress;

s.  failure to have a proper protocol in place for the emergent delivery of Plaintiff's minor, JOHNAY LIPSEY;

t.  failure to have a proper protocol in place for the assessment, diagnosis, and treatment of federal detainees for placental abruption;

u.  failure to provide proper and timely information to Wenona White's health care givers on the status of her pregnancy;

v.  failure to make a timely referral of Wenona White and Plaintiff's minor, JOHNAY LIPSEY, to physicians with expertise in performing emergency caesarean sections;

w.  failure to properly supervise personnel at KANKAKEE COUNTY DETENTION CENTER where Wenona White was housed, concerning care and delivery of Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

x.  negligent transfer of custody of Wenona White and of the Plaintiff's minor, JOHNAY LIPSEY, to a facility not properly equipped, staffed, or prepared to care for or manage her pregnancy;

y.  carelessly and negligently assumed the custody of Wenona White, a woman in the last trimester of her pregnancy, without the equipment,

6

manpower, or training necessary to care for and safely deliver Plaintiff's minor, JOHNAY LIPSEY;

z. failure to have a proper protocol in place for the assessment, diagnosis, and treatment of Wenona White for preeclampsia, hemorrhage, and hypertension during pregnancy;

aa. failure to recognize on a timely basis that expedited treatment of Wenona White's pregnancy and delivery of Plaintiff's minor, JOHNAY LIPSEY, was necessary;

bb. failure to recognize on a timely basis that Wenona White's condition was an indication for immediate referral to an obstetrician; and

cc. failure to recognize on a timely basis the Wenona White's condition was an indication for immediately delivery of Plaintiff's minor, JOHNAY LIPSEY.

24. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and omissions of the Defendant UNITED STATES OF AMERICA,and its agents and employees, the Plaintiff's minor, JOHNAY LIPSEY, was severely and permanently injured, and was caused to suffer and will continue to suffer damages of a personal and pecuniary nature.

25. That private individuals guilty of the same acts and omissions as the Defendant UNITED STATES OF AMERICA as set forth in these pleadings, would be liable to the Plaintiff's minor, JOHNAY LIPSEY.

26. An attorney's affidavit and report from a reviewing health care professional demonstrating that there is a reasonable and meritorious cause for filing this action are attached hereto as Exhibits D and E, respectively.

WHEREFORE, the Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, demands judgment against Defendant,

UNITED STATES OF AMERICA, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs incurred.

## COUNT II
## MEDICAL MALPRACTICE V. KANKAKEE COUNTY, KANKAKEE COUNTY DETENTION CENTER/JEROME COMBS DETENTION CENTER, TIMOTHY F. BUTKOWSKI, AND MICHAEL DOWNEY

The Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, by and through his attorneys, SCHOEN BROWNE, P.C., complaining of the Defendants KANKAKEE COUNTY, a body politic, KANKAKEE COUNTY DETENTION CENTER, a public entity, JEROME COMBS DETENTION CENTER, a public entity, TIMOTHY F. BUTKOWSKI, and MICHAEL DOWNEY, state:

1.      That the United States District Court for the Central District of Illinois has supplemented jurisdiction over the Defendants named in this Count because the claims against those Defendants are so related to claims falling within this Court's original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

2.      That at all times mentioned herein, Defendants KANKAKEE COUNTY, a body politic, and KANKAKEE COUNTY DETENTION CENTER/JEROME COMBS DETENTION CENTER (hereinafter "KCDC/JCDC"), owned, operated, managed, maintained and controlled a prison system in the City of Kankakee, County of Kankakee, and State of Illinois wherein it took custody of various detainees within that system, including federal detainees, and provided housing and medical treatment for those in its custody.

8

3.     That at all times mentioned herein, Defendant, TIMOTHY F. BUTKOWSKI was the Sheriff of Kankakee County, was the Warden of KCDC/JCDC, was in charge of the operations of KCDC/JCDC, was an agent and employee of Defendnats KANKAKEE COUNTY and KCDC/JCDC, and was acting within the course and scope of that employment and agency.

4.     That at all times mentioned herein, TIMOTHY F. BUTKOWSKI, as Warden of KCDC/JCDC, was responsible for providing reasonable medical care to those in his custody.

5.     That at all times mentioned herein, Defendant, MICHAEL DOWNEY, was the Chief of Corrections for Kankakee County, was in charge of the operations of Defendant KCDC/JCDC, was an agent and employee of Defendants KANKAKEE COUNTY and KCDC/JCDC, and was acting within the course and scope of his employment and agency.

6.     That at all times mentioned herein, there was a contract in effect between Defendant KCDC and Defendant UNITED STATES OF AMERICA wherein Defendant KCDC, in return for stated consideration, provided housing and medical services to federal detainees transferred to them by the Defendant UNITED STATES OF AMERICA.

7.     That in September 2009, Wenona White, mother of Plaintiff's minor, JOHNAY LIPSEY, was a federal detainee in the custody of Defendant UNITED STATES OF AMERICA.

8.     That at all times mentioned herein, Wenona White was pregnant with Plaintiff's minor, JOHNAY LIPSEY, and was in the last trimester of her pregnancy.

9.     That on September 11, 2009, while Wenona White was in federal custody, Defendant UNITED STATES OF AMERICA transferred her to Defendant KCDC/JCDC in Kankakee, Illinois.

10.     That between September 11, 2009 and September 23, 2009, Wenona White was a federal inmate in the custody of Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, and MICHAEL DOWNEY, and each of them.

11.     That at all times mentioned herein, Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, and MICHAEL DOWNEY, and each of them, by virtue of their custody of Wenona White, had custody of Plaintiff's minor, JOHNAY LIPSEY, a viable fetus in the last trimester of gestation.

12.     That at all times mentioned herein, Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, and MICHAEL DOWNEY, and each of them, in taking custody of Wenona White, undertook the management, prenatal care and delivery of JOHNAY LIPSEY during this pregnancy.

13.     That at all times mentioned herein, agents and employees of Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, and MICHAEL DOWNEY, and each of them, acting within the course and scope of their employment and agency, were involved in the custody of Plaintiff's minor, JOHNAY LIPSEY, her prenatal care, and the management of the pregnancy resulting in her delivery.

14.     That at all times mentioned herein Wenona White, while in the custody of Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTSKOWSKI, and MICHAEL DOWNEY, had an obstetrical history of placental abruption, hypertension, and caesarean section delivery during her prior pregnancy.

10

15.   That at all times mentioned herein, Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, MICHAEL DOWNEY, and their agents and employees knew or should have known that Wenona White, who was in their custody, was in the last trimester of her pregnancy, and had a history of placental abruption, hypertension, and caesarean section delivery during her prior pregnancy.

16.   That at all times mentioned herein, Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, MICHAEL DOWNEY, and their agents and employees knew or should have known that a significant risk of placental abruption in Wenona White existed during the management, prenatal care, and delivery of Plaintiff's minor, JOHNAY LIPSEY.

17.   That at all times mentioned herein, Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, and MICHAEL DOWNEY, and each of them, by and through their duly authorized agents and employees acting within the course and scope of their employment and agency were inattentive, careless, and negligent in managing the custody of the Plaintiff's minor, JOHNAY LIPSEY, her pre-natal care, and her delivery.

18.   That on September 22, 2009, while in the custody of the Defendants KANKAKEE COUNTY, KCDC/JCDC, Wenona White gave birth to Plaintiff's minor, JOHNAY LIPSEY.

19.   That on September 22, 2009, prior to and at the time of delivery, Wenona White had an abruption of her placenta.

20.     That on September 22, 2009, JOHNAY LIPSEY, was born with serious and permanent injuries, including severe hypoxic ischemic encephalopathy, spastic quadriplegia, cerebral palsy, profound brain damage and other injuries.

21.     That at all times mentioned herein, the Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, and MICHAEL DOWNEY, and each of them, by and through their duly authorized agents acting within the course and scope of their employment and agency, were guilty of one or more of the following careless and negligent acts and omissions:

    a.      negligently managed the pregnancy of Wenona White;

    b.      negligently managed the prenatal care of Plaintiff's minor, JOHNAY LIPSEY;

    c.      negligently monitored Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

    d.      negligently and carelessly transferred Wenona White for delivery of her pregnancy;

    e.      negligently monitored, examined, diagnosed, and treated Wenona White for placental abruption;

    f.      negligently monitored, examined, diagnosed, and treated Wenona White for pre-eclampsia;

    g.      negligently monitored, examined, diagnosed, and treated Wenona White for hypertension in pregnancy;

    h.      negligently monitored, examined, diagnosed, and treated Wenona White for vaginal hemorrhaging;

    i.      negligently monitored, examined, diagnosed, and treated Wenona White for abdominal pain;

    j.      negligently took a history of Wenona White, including a history of her prior conditions during pregnancy;

12

k.   negligently evaluated the significance of Wenona White's prior conditions and the delivery of her prior pregnancies to her condition and health care needs while in their custody;

l.   negligently evaluated the risk level to Plaintiff's minor, JOHNAY LIPSEY, involved in Wenona White's pregnancy;

m.   failured to respond in a proper and timely fashion to Wenona White's condition during her pregnancy;

n.   negligently examined Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

o.   negligently diagnosed the condition of Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

p.   negligently monitored the condition of Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

q.   negligently transferred Wenona White to a hospital specializing for a delivery of her pregnancy;

r.   negligently informed Wenona White's health care givers on the status of her pregnancy;

s.   negligently referred Wenona White and Plaintiff's minor, JOHNAY LIPSEY, to physicians for delivery of her pregnancy;

t.   negligently accepted custody of Wenona White and Plaintiff's minor, JOHNAY LIPSEY, while not properly equipped, staffed, or prepared to care for or manage her pregnancy.

22.   That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and omissions of Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, and MICHAEL DOWNEY, and each of them, the Plaintiff's minor, JOHNAY LIPSEY, was severely and permanently injured and was caused to suffer and will continue to suffer damages of a personal and pecuniary nature.

23.   That the Plaintiff, JOHN LIPSEY, is father of Plaintiff's minor, JOHNAY LIPSEY, and has been awarded legal custody of JOHNAY LIPSEY pursuant to Court

13

Order, a copy of said Order of Appointment being attached hereto and incorporated herein as Exhibit C.

24.     An attorney's affidavit and report from a reviewing health care professional demonstrating that there is a reasonable and meritorious cause for filing this action are attached hereto as Exhibits D and E, respectively.

WHEREFORE, the Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, demands judgment against the Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, and MICHAEL DOWNEY, and each of them, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs incurred.

### COUNT III
### MEDICAL MALPRACTICE V. KANKAKEE COUNTY; KCDC/JCDC; TIMOTHY F. BUTKOWSKI; CLYDE DAYHOFF, D.O.; HEATHER GILL, R.N.; TIMOTHY MENARD, P.A.; IVETTE CHAREE SANGSTER, L.P.N.

The Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, by and through his attorneys, SCHOEN BROWNE, P.C., and complaining of the Defendants KANKAKEE COUNTY, KANKAKEE COUNTY DETENTION CENTER, a public entity, JEROME COMBS DETENTION CENTER, a public entity, TIMOTHY F. BUTKOWSKI, CLYDE DAYHOFF, D.O., HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, states:

1.     That the United States District Court for the Central District of Illinois has supplemented jurisdiction over the Defendants named in this Count because the claims against those Defendants are so related to claims falling within this Court's original

14

jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

2.      That at all times mentioned herein, Defendants KANKAKEE COUNTY and KANKAKEE COUNTY DETENTION CENTER/JEROME COMBS DETENTION CENTER (hereinafter "KCDC/JCDC"), owned, operated, managed, maintained and controlled a prison system in the City of Kankakee, County of Kankakee, and State of Illinois wherein they took custody of various detainees within that system, including federal detainees, and provided housing and medical treatment for those in their custody.

3.      That at all times mentioned herein, Defendant, TIMOTHY F. BUTKOWSKI was the Sheriff of Kankakee County, was the Warden of KCDC/JCDC, was in charge of the operations of KCDC/JCDC, was an agent and employee of Defendants KANKAKEE COUNTY and KCDC/JCDC, and was acting within the course and scope of that employment and agency.

4.      That at all times mentioned herein, Defendant CLYDE DAYHOFF, D.O., was a doctor of osteopathy, and was engaged in the practice of osteopathic medicine in the City of Kankakee, County of Kankakee, and State of Illinois.

5.      That at all times mentioned herein, Defendant HEATHER GILL, R.N., was a registered nurse, and was engaged in the practice of nursing in the City of Kankakee, County of Kankakee, and State of Illinois.

6.      That at all times mentioned herein, TIMOTHY MENARD, P.A., was a physician's assistant, and was engaged in the practice of assisting physicians in providing care to patients in the City of Kankakee, County of Kankakee, and State of Illinois.

7.    That at all times mentioned herein, Defendant IVETTE CHAREE SANGSTER, L.P.N., was a licensed practical nurse, and was engaged in the practice of nursing in the City of Kankakee, County of Kankakee, and State of Illinois.

8.    That at all times mentioned herein, the Defendants CLYDE DAYHOFF, D.O., HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTA CHAREE SANGSTER, L.P.N., and each of them, were agents of Defendants KANKAKEE COUNTY and KCDC/JCDC, and were acting within the course and scope of their agency.

9.    That in September 2009, Wenona White, mother of Plaintiff's minor, JOHNAY LIPSEY, was a federal detainee in the custody of Defendant UNITED STATES OF AMERICA.

10.    That at all times mentioned herein, Wenona White was pregnant with Plaintiff's minor, JOHNAY LIPSEY, and was in the last trimester of her pregnancy.

11.    That on September 11, 2009, while Wenona White was in federal custody, Defendant UNITED STATES OF AMERICA transferred her to Defendant KCDC/JCDC's facility in Kankakee, Illinois.

12.    That between September 11, 2009 and September 23, 2009, Wenona White was a federal detainee in the custody of Defendants KANKAKEE COUNTY, KCDC/JCDC and TIMOTHY F. BUTKOWSKI.

13.    That at all times mentioned herein, Defendants KANKAKEE COUNTY, KCDC/JCDC and TIMOTHY F. BUTKOWSKI, and each of them, had custody of the Plaintiff's minor, JOHNAY LIPSEY, a viable fetus in the last trimester of gestation.

14.    That at all times mentioned herein, Defendants KANKAKEE COUNTY, KCDC/JCDC and TIMOTHY F. BUTKOWSKI, and each of them, in taking custody of

16

Wenona White, undertook the management, prenatal care, and delivery of JOHNAY LIPSEY during this pregnancy.

15.    That at all times mentioned herein, Wenona White and Plaintiff's minor, JOHNAY LIPSEY, came under the care of CLYDE DAYHOFF, D.O., HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, for prenatal care of JOHNAY LIPSEY, and for the management of the pregnancy resulting in her delivery.

16.    That at all times mentioned herein, Wenona White had an obstetrical history of placental abruption, hypertension and caesarian section delivery during her prior pregnancy.

17.    That at all times mentioned herein, the Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, CLYDE DAYHOFF, D.O., HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, knew or should have known that Wenona White was in the last trimester of her pregnancy and had a history of placental abruption, hypertension, and caesarian section delivery during her prior pregnancy.

18.    That at all times mentioned herein, Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, CLYDE DAYHOFF, D.O., HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and their agents and employees knew or should have known that a significant risk of placental abruption in Wenona White existed during the management, prenatal care and delivery of Plaintiff's minor, JOHNAY LIPSEY.

19.     That at all times mentioned herein, Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, CLYDE DAYHOFF, D.O., HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, acting within the course and scope of their employment and agency, were inattentive, careless, and negligent in managing the prenatal care of the Plaintiff's minor, JOHNAY LIPSEY, and the delivery of the pregnancy resulting in her birth.

20.     That on September 22, 2009, Wenona White gave birth to Plaintiff's minor, JOHNAY LIPSEY.

21.     That on September 22, 2009, prior to and at that the time of delivery, Wenona White had an abruption of her placenta.

22.     That on September 22, 2009, JOHNAY LIPSEY was born with serious and permanent injuries, including severe hypoxic ischemic encephalopathy, spastic quadriplegia, cerebral palsy, profound brain damage, and other injuries.

23.     That at all times mentioned herein, the Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, CLYDE DAYHOFF, D.O., HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, acting within the course and scope of their employment and agency, were guilty of one or more of the following careless and negligent acts and omissions:

    a.     negligently managed the pregnancy of Wenona White;

    b.     negligently managed the prenatal care of Plaintiff's minor, JOHNAY LIPSEY;

    c.     negligently monitored Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

d.      negligently and carelessly transferred Wenona White for delivery of her pregnancy;

e.      negligently monitored, examined, diagnosed, and treated Wenona White for placental abruption;

f.      negligently monitored, examined, diagnosed, and treated Wenona White for pre-eclampsia;

g.      negligently monitored, examined, diagnosed, and treated Wenona White for hypertension in pregnancy;

h.      negligently monitored, examined, diagnosed, and treated Wenona White for vaginal hemorrhaging;

i.      negligently monitored, examined, diagnosed, and treated Wenona White for abdominal pain;

j.      negligently took a history of Wenona White, including a history of her prior conditions during pregnancy;

k.      negligently evaluated the significance of Wenona White's prior conditions and the delivery of her prior pregnancies to her condition and health care needs while in their custody;

l.      negligently evaluated the risk level to Plaintiff's minor, JOHNAY LIPSEY, involved in Wenona White's pregnancy;

m.      failed to respond in a proper and timely fashion to Wenona White's condition during her pregnancy;

n.      negligently examined Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

o.      negligently diagnosed the condition of Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

p.      negligently monitored the condition of Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

q.      negligently transferred Wenona White to a hospital specializing for a delivery of her pregnancy;

r.      negligently informed Wenona White's health care givers on the status of her pregnancy;

s.    negligently referred Wenona White and Plaintiff's minor, JOHNAY LIPSEY, to physicians for delivery of her pregnancy;

t.    negligently accepted custody of Wenona White and Plaintiff's minor, JOHNAY LIPSEY, while not properly equipped, staffed, or prepared to care for or manage her pregnancy.

24.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and omissions of Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, CLYDE DAYHOFF, D.O., HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, the Plaintiff's minor, JOHNAY LIPSEY, was severely and permanently injured and was caused to suffer and will continue to suffer damages of a personal and pecuniary nature.

25.    That Plaintiff, JOHN LIPSEY, as father of the Plaintiff's minor, JOHNAY LIPSEY, and has been awarded legal custody of JOHNAY LIPSEY pursuant to Court Order, a copy of said Order of Appointment, being attached hereto and incorporated herein as Exhibit C.

26.    An attorney's affidavit and report from a reviewing health care professional demonstrating that there is a reasonable and meritorious cause for filing this action are attached hereto as Exhibits D and E, respectively.

WHEREFORE, the Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, demands judgment against the Defendants KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, CLYDE DAYHOFF, D.O., HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs incurred.

## COUNT IV
## MEDICAL MALPRACTICE V. MJS ADVANTAGE, INC.; HEATHER GILL, R.N.; TIMOTHY MENARD, P.A.; IVETTE CHAREE SANGSTER, L.P.N.

The Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, by and through his attorneys, SCHOEN BROWNE, P.C., and complaining of the Defendants MJS ADVANTAGE, INC. (hereinafter "MJS"), HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, states:

1.      That the United States District Court for the Central District of Illinois has supplemented jurisdiction over the Defendants named in this Count because the claims against those Defendants are so related to claims falling within this Court's original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

2.      That at all times mentioned herein, Defendant MJS was a corporation organized and existing under the laws of the State of Illinois, and was engaged in the business of providing health care services in the City of Kankakee, County of Kankakee, and State of Illinois.

3.      That at all times mentioned herein, Defendant HEATHER GILL, R.N., was a registered nurse, and was engaged in the practice of nursing in the City of Kankakee, County of Kankakee, and State of Illinois.

4.      That at all times mentioned herein, Defendant TIMOTHY MENARD, P.A., was a physicians assistant, and was engaged in the practice of assisting physicians and providing care to patients in the City of Kankakee, County of Kankakee, and the State of Illinois.

5.     That at all times mentioned herein, Defendant IVETTE CHAREE SANGSTER, L.P.N., was a licensed practical nurse, and was engaged in the practice of nursing in the City of Kankakee, County of Kankakee, and State of Illinois.

6.     That at all times mentioned herein, Defendants HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., were employees and agents of Defendant MJS and were acting within the course and scope of their employment and agency.

7.     That in September 2009, Wenona White, mother of Plaintiff's minor, JOHNAY LIPSEY, was a federal detainee in the custody of the Defendant UNITED STATES OF AMERICA.

8.     That at all times mentioned herein, Wenona White was pregnant with Plaintiff's minor, JOHNAY LIPSEY, and was in the last trimester of her pregnancy.

9.     That on September 11, 2009, while Wenona White was in federal custody, the Defendant UNITED STATES OF AMERICA transferred her to Defendant KCDC/JCDC's facility in Kankakee, Illinois.

10.     That between September 11, 2009 and September 23, 2009, Wenona White was a federal detainee in the custody of Defendants, KANKAKEE COUNTY, KCDC/JCDC, and TIMOTHY F. BUTKOWSKI.

11.     That at all times mentioned herein, Wenona White and Plaintiff's minor, JOHNAY LIPSEY, came under the care of the Defendants HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, for prenatal care of Plaintiff's minor, JOHNAY LIPSEY, and for the management of the pregnancy resulting in her delivery.

12.     That at all times mentioned herein, Wenona White had an obstetrical history of placental abruption, hypertension, and caesarian section delivery during her prior pregnancy.

13.     That at all times mentioned herein, Defendants MJS, HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, knew or should have known that Wenona White was in the last trimester of pregnancy and had a history of placental abruption, hypertension, and caesarian section delivery during her prior pregnancy.

14.     That at all times mentioned herein, Defendants MJS, HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, knew or should have known that a significant risk of placental abruption in Wenona White existed during the management, prenatal care and delivery of Plaintiff's minor, JOHNAY LIPSEY.

15.     That at all times mentioned herein, Defendant MJS, by and through its duly authorized agents HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, acting within the course and scope of their employment, were inattentive, careless, and negligent in managing the prenatal care of the Plaintiff's minor, JOHNAY LIPSEY, and the delivery resulting in her birth.

16.     That on September 22, 2009, Wenona White gave birth to Plaintiff's minor, JOHNAY LIPSEY.

17.     That on September 22, 2009, prior to and at the time of delivery, Wenona White had an abruption of her placenta.

18.     That on September 22, 2009, Plaintiff's minor, JOHNAY LIPSEY, was born with serious and permanent injuries, including severe hypoxic ischemic encephalopathy, spastic quadriplegia, cerebral palsy, profound brain damage, and other injuries.

19.     That at all times mentioned herein, Defendants MJS, HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, acting within the course and scope of their agency, were guilty of one or more of the following careless and negligent acts and omissions:

   a.     negligently managed the pregnancy of Wenona White;

   b.     negligently managed the prenatal care of Plaintiff's minor, JOHNAY LIPSEY;

   c.     negligently monitored Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

   d.     negligently and carelessly transferred Wenona White for delivery of her pregnancy;

   e.     negligently monitored, examined, diagnosed, and treated Wenona White for placental abruption;

   f.     negligently monitored, examined, diagnosed, and treated Wenona White for pre-eclampsia;

   g.     negligently monitored, examined, diagnosed, and treated Wenona White for hypertension in pregnancy;

   h.     negligently monitored, examined, diagnosed, and treated Wenona White for vaginal hemorrhaging;

   i.     negligently monitored, examined, diagnosed, and treated Wenona White for abdominal pain;

   j.     negligently took a history of Wenona White, including a history of her prior conditions during pregnancy;

24

k.   negligently evaluated the significance of Wenona White's prior conditions and the delivery of her prior pregnancies to her condition and health care needs while in their custody;

l.   negligently evaluated the risk level to Plaintiff's minor, JOHNAY LIPSEY, involved in Wenona White's pregnancy;

m.   failed to respond in a proper and timely fashion to Wenona White's condition during her pregnancy;

n.   negligently examined Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

o.   negligently diagnosed the condition of Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

p.   negligently monitored the condition of Plaintiff's minor, JOHNAY LIPSEY, during Wenona White's pregnancy;

q.   negligently transferred Wenona White to a hospital specializing for a delivery of her pregnancy;

r.   negligently informed Wenona White's health care givers on the status of her pregnancy;

s.   negligently referred Wenona White and Plaintiff's minor, JOHNAY LIPSEY, to physicians for delivery of her pregnancy;

t.   negligently accepted custody of Wenona White and Plaintiff's minor, JOHNAY LIPSEY, while not properly equipped, staffed, or prepared to care for or manage her pregnancy.

20.   That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and omissions of Defendants MJS, HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, the Plaintiff's minor, JOHNAY LIPSEY, was severely and permanently injured and was caused to suffer and will continue to suffer damages of a personal and pecuniary nature.

21.   That Plaintiff, JOHN LIPSEY, is father of the Plaintiff's minor, JOHNAY LIPSEY, and has been awarded legal custody of JOHNAY LIPSEY pursuant to Court

Order, a copy of said Order of Appointment being attached hereto and incorporated herein as Exhibit C.

22.     An attorney's affidavit and report from a reviewing health care professional demonstrating that there is a reasonable and meritorious cause for filing this action are attached hereto as Exhibits D and E, respectively.

WHEREFORE, the Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, demands judgment against the Defendants, MJS ADVANTAGE, INC., HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs incurred.

## COUNT V
## FAMILY EXPENSE ACT V. UNITED STATES OF AMERICA
## FEDERAL TORT CLAIMS ACT

The Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, by and through his attorneys, SCHOEN BROWNE, P.C., complaining of the Defendant UNITED STATES OF AMERICA states:

1.-26.  That the Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, repeats and re-alleges each and every allegations contained in paragraphs 1-26 of Count I, and incorporates the same herein by reference as if fully set forth as paragraphs 1-26 of Count V.

27.     That Plaintiff's minor, JOHNAY LIPSEY, has become obligated in the past and will become obligated in the future for large sums of money for doctors bills, hospital bills, medical treatment and healthcare costs as a result of serious and permanent injuries

26

proximately caused by the occurrence set forth in Count I of this Complaint, and her father, JOHN LIPSEY, has assigned, transferred and relinquished his rights to recover monies expended and debts and obligations to be incurred for such medical expenses and services required by JOHNAY LIPSEY, a disabled minor, to said Plaintiff's minor.

WHEREFORE, the Plaintiff's minor, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, demands judgment against Defendant, UNITED STATES OF AMERICA, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs incurred.

### COUNT VI
### FAMILY EXPENSE ACT V. KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, AND MICHAEL DOWNEY

The Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, by and through his attorneys, SCHOEN BROWNE, P.C., complaining against the Defendants KANKAKEE COUNTY, a body politic, KANKAKEE COUNTY DETENTION CENTER, a public entity, JEROME COMBS DETENTION CENTER, a public entity, TIMOTHY F. BUTKOWSKI, and MICHAEL DOWNEY, state:

1.-24.   That the Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, repeats and re-alleges each and every allegations contained in paragraphs 1-24 of Count II, and incorporates the same herein by reference as if fully set forth as paragraphs 1-24 of Count VI.

25.   That Plaintiff's minor, JOHNAY LIPSEY, has become obligated in the past and will become obligated in the future for large sums of money for doctors bills, hospital bills, medical treatment and healthcare costs as a result of serious and permanent injuries

proximately caused by the occurrence set forth in Count II of this Complaint, and her father, JOHN LIPSEY, has assigned, transferred and relinquished his rights to recover monies expended and debts and obligations to be incurred for such medical expenses and services required by JOHNAY LIPSEY, a disabled minor, to said Plaintiff's minor.

WHEREFORE, the Plaintiff's minor, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, demands judgment against Defendants KANKAKEE COUNTY, a body politic, KANKAKEE COUNTY DETENTION CENTER, a public entity, JEROME COMBS DETENTION CENTER, a public entity, TIMOTHY F. BUTKOWSKI, and MICHAEL DOWNEY, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs incurred.

### COUNT VII
### FAMILY EXPENSE ACT V. KANKAKEE COUNTY, KCDC/JCDC, TIMOTHY F. BUTKOWSKI, CLYDE DAYHOFF, D.O., HEATHER GILL, R.N., TIMOTHY MENARD, P.A. AND IVETTE CHAREE SANGSTER, L.P.N. FEDERAL TORT CLAIMS ACT

The Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, by and through his attorneys, SCHOEN BROWNE, P.C., complaining against the Defendants KANKAKEE COUNTY, KANKAKEE COUNTY DETENTION CENTER, a public entity, JEROME COMBS DETENTION CENTER, a public entity, TIMOTHY F. BUTKOWSKI, CLYDE DAYHOFF, D.O., HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, state:

1.-26. That the Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, repeats and re-alleges each and every allegations

28

contained in paragraphs 1-26 of Count III, and incorporates the same herein by reference as if fully set forth as paragraphs 1-26 of Count VII.

27.     That Plaintiff's minor, JOHNAY LIPSEY, has become obligated in the past and will become obligated in the future for large sums of money for doctors bills, hospital bills, medical treatment and healthcare costs as a result of serious and permanent injuries proximately caused by the occurrence set forth in Count III of this Complaint, and her father, JOHN LIPSEY, has assigned, transferred and relinquished his rights to recover monies expended and debts and obligations to be incurred for such medical expenses and services required by JOHNAY LIPSEY, a disabled minor, to said Plaintiff's minor.

WHEREFORE, the Plaintiff's minor, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, demands judgment against Defendant Defendants KANKAKEE COUNTY, KANKAKEE COUNTY DETENTION CENTER, a public entity, JEROME COMBS DETENTION CENTER, a public entity, TIMOTHY F. BUTKOWSKI, CLYDE DAYHOFF, D.O., HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs incurred.

## COUNT VIII
### FAMILY EXPENSE ACT V. MJS ADVANTAGE, INC., HEATHER GILL, R.N, TIMOTHY MENDARD, P.A. AND IVETTE CHAREE SANGSTER, L.P.N. FEDERAL TORT CLAIMS ACT

The Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, by and through his attorneys, SCHOEN BROWNE, P.C., complaining against the Defendants MJS ADVANTAGE, INC., HEATHER GILL, R.N.,

TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, state:

1.-22.   That the Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, repeats and re-alleges each and every allegations contained in paragraphs 1-22 of Count IV, and incorporates the same herein by reference as if fully set forth as paragraphs 1-22 of Count VIII.

23.   That Plaintiff's minor, JOHNAY LIPSEY, has become obligated in the past and will become obligated in the future for large sums of money for doctors bills, hospital bills, medical treatment and healthcare ccsts as a result of serious and permanent injuries proximately caused by the occurrence set forth in Count IV of this Complaint, and her father, JOHN LIPSEY, has assigned, transferred and relinquished his rights to recover monies expended and debts and obligations tc be incurred for such medical expenses and services required by JOHNAY LIPSEY, a disabled minor, to said Plaintiff's minor.

WHEREFORE, the Plaintiff's minor, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, demands judgment against Defendants Defendants MJS ADVANTAGE, INC., HEATHER GILL, R.N., TIMOTHY MENARD, P.A., and IVETTE CHAREE SANGSTER, L.P.N., and each of them, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs incurred.

Respectfully submitted,

By:   _Dennis T. Schoen_ _____

Dennis T. Schoen
Schoen Browne, P.C.
221 North LaSalle Street, Suite 663
Chicago, Illinois 60601
T:   312.558.9143
Atty. No.:   45712
*Attorneys for the Plaintiffs*

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, CHAMPAIGN-URBANA DIVISION

JOHN LIPSEY, Individually, and as father )
and next friend of JOHNAY LIPSEY, a )
disabled minor, )
                                                     )
    Plaintiff, )
                                                     )
    v. )           No.
                                                     )
UNITED STATES OF AMERICA, )
KANKAKEE COUNTY DETENTION )
CENTER, a public entity; JEROME COMBS )    **JURY TRIAL DEMANDED**
DETENTION CENTER, a public entity; )
MJS ADVANTAGE, INC.; TIMOTHY F. )
BUTKOWSKI; MICHAEL DOWNEY; )
HEATHER GILL, R.N.; TIMOTHY MENARD, )
P.A.; CLYDE DAYHOFF, D.O.; and IVETTE )
CHAREE SANGSTER, L.P.N. )
                                                     )
    Defendant. )

### ATTORNEY AFFIDAVIT

    I, DENNIS T. SCHOEN being duly sworn on oath, do depose and state that the amount of damages sought in the above-captioned cause of action exceeds $75,000.00.

By                                              

Dennis T. Schoen
Schoen Browne, P.C.
221 North LaSalle Street, Suite 663
Chicago, Illinois 60601
T:  312.558.9143
F:  312.558.5426
Atty. No. 45712
*Attorneys for the Plaintiff*

SUBSCRIBED AND SWORN TO
before me this 23ʳᵈ day of
March, 2012
_____
NOTARY PUBLIC



31

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, CHAMPAIGN-URBANA DIVISION

JOHN LIPSEY, Individually, and as father )
and next friend of JOHNAY LIPSEY, a )
disabled minor, )
       )
      Plaintiff, )
       )
      v. )      No.
       )
UNITED STATES OF AMERICA, )
KANKAKEE COUNTY DETENTION )      **JURY TRIAL DEMANDED**
CENTER, a public entity; JEROME COMBS )
DETENTION CENTER, a public entity; )
MJS ADVANTAGE, INC.; TIMOTHY F. )
BUTKOWSKI; MICHAEL DOWNEY; )
HEATHER GILL, R.N.; TIMOTHY MENARD, )
P.A.; CLYDE DAYHOFF, D.O.; and IVETTE )
CHAREE SANGSTER, L.P.N. )
       )
      Defendant. )

## JURY DEMAND

Plaintiff demands a trial by jury.

By: _Schoen Browne, P.C._

Dennis T. Schoen
Schoen Browne, P.C.
221 North LaSalle Street, Suite 663
Chicago, Illinois 60601
T:  312.558.9143
F:  312.558.5426
Atty. No. 45712
*Attorneys for the Plaintiff*