UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-CV-2100 |
| UNITED STATES OF AMERICA, KANKAKEE COUNTY, a body politic; THE SHERIFF OF KANKAKEE COUNTY; TIMOTHY F. BUKOWSKI; MICHAEL DOWNEY; HEATHER GILL, R.N.; TIMOTHY MENARD, P.A.; CLYDE DAYHOFF, D.O.; IVETTE CHAREE SANGSTER, L.P.N., and MJS ADVANTAGE, INC., a corporation; | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PRIVACY ACT PROTECTIVE ORDER

Upon the stipulated and agreed motion of the defendant, the UNITED STATES OF AMERICA, and pursuant to the provisions of Section 3(b)(11) of the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11) and the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Public Law 104-191, the Court finds that entry of a Protective Order is appropriate.

**IT IS HEREBY ORDERED** that Defendant's Motion with Plaintiff's Consent for Entry of a Privacy Act Protection Order **(#72)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant, UNITED STATES OF AMERICA, is authorized to release without redaction to the Plaintiff, JOHN LIPSEY, Individually, and as father and next friend of JOHNAY LIPSEY, a disabled minor, and to the other

Defendants, KANKAKEE COUNTY, a body politic; THE KANKAKEE COUNTY SHERIFF; TIMOTHY F. BUKOWSKI; MICHAEL DOWNEY; HEATHER GILL, R.N.; TIMOTHY MENARD, P.A.; CLYDE DAYHOFF, D.O.; IVETTE CHAREE SANGSTER, L.P.N.; AND MJS ADVANTAGE, INC., a corporation, through their counsel, and to the persons and entities described herein below for purposes of obtaining and conducting discovery in the present matter, records and documents pertaining in paper or electronically stored format to plaintiff's administrative activity record against defendant, UNITED STATES OF AMERICA, and including but not limited to all investigative reports, affidavits, interviews/depositions, correspondence, agreements and related materials therein; pertaining to issues based on the present litigation and that may include medical records and notes and other records of non-party third persons relevant to the issues in this case without obtaining prior written consent of the individuals to whom such records pertain. Disclosure is defined as release of the records and materials listed above and oral or written testimony made about such information.

      Disclosure of these records is subject to the following conditions:

      1.    The parties in this case are prohibited from disclosing the foregoing information to the public in any form, written or oral, except as may be necessary for purposes of discovery and/or preparation for trial in this action in compliance with the terms of this Order.

2. This Court will consider at a later time the issue of how protected materials will be handled in the course of any hearing or trial. A supplemental order shall be obtained from this Court governing use and disclosure of the materials for motions for summary judgment and for any trial conducted in this case prior to the parties disclosing this information in such proceedings.

3. Records, which identify the specific individuals, produced pursuant to this order shall be labeled "PRODUCED SUBJECT TO PROTECTIVE ORDER," and may be used only for the purposes of this litigation and the litigation captioned *White v. Bukowski, et al.*, No. 11-CV-2221 (C.D.Ill.). These records and all copies thereof must be returned to Defendants or destroyed within 60 days after the termination of this litigation, including any appeals. Any documents created by Plaintiff or counsel for Plaintiff containing Privacy Act information must be destroyed when this litigation is concluded. Should Plaintiff elect to destroy the documents, Plaintiff will certify to the Defendants that the documents have been destroyed.

4. Records disclosed pursuant to this order may be disclosed only to the parties to this litigation, the attorneys for the parties to this litigation, and the following persons subject to the terms set forth herein, for parties who have need of this information in the performance of their duties, and persons regularly in the employ of such attorneys or who work under the direction of such attorneys and who have a need for the information in the performance of their duties.

  a. Paralegals, associates or other persons regularly employed by counsel or their law firms, and who are working on this case.  These persons may disclose protected materials only to the extent that counsel may disclose them, and subject to the same restrictions.  These persons are subject to this protective order, and counsel shall so inform them.

  b. Expert Witnesses or other persons specially employed by counsel for the purpose of this litigation. Except in the course of testifying in this case, persons in this category may disclose protected materials only to counsel and the persons in category 4a.  At the conclusion of this litigation, any person in this category will return to counsel all copies of protected materials in his or her possession.

  c. Parties and any person whom the parties intend to call or are contemplating calling as a witness in this matter, and to whom disclosure of protected materials is necessary for said parties or its counsel to prepare the person to testify.  The parties may disclose protected materials to a person in this category only upon the person's agreement to be bound by terms of this protective order.  Persons in this category may be permitted to review protected materials, to the extent necessary, but will not be given a copy of any protected materials.  Persons in this category may not disclose protected materials to any other person except in the course of testifying in this case.

      d.     Persons being deposed by either party in this case with said disclosures being governed by the terms of this Order.

    5.     If any deposition transcript, deposition exhibit, or motion or other pleading that reveals protected materials is filed with the Court, it will be filed under seal with a notation on the sealed envelope that the envelope contains material subject to this protective order.

    6.     Should the Plaintiff wish to disclose the records which are subject to this order to any additional persons except those indicated here, he will first inform the Defendants, and the parties will seek modification of this order from the Court.

    7.     The Court will retain jurisdiction to modify this protective order upon a showing that it is unreasonably restrictive or that it is inadequately protective of privacy concerns.

    8.     This Order does not constitute any ruling on the question of whether any particular record is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability or admissibility of any record, other than objections based on the Privacy Act.

    **SO ORDERED.**

    ENTERED this 30th day of November, 2012.

                                        s/DAVID G. BERNTHAL
                                UNITED STATES MAGISTRATE JUDGE

**Approved as to form and substance:**

 s/Dennis T. Schoen      Date signed: 11/27/12
Dennis T. Schoen
SCHOEN BROWNE, P.C.
221 North LaSalle Street
Suite 663
Chicago, IL 60601
312-558-9143; Fax: 312-558-5426
Email: dschoen@schoenbrowne.com
ATTORNEY FOR Plaintiff, JOHN LIPSEY,
Individually, and as father and next
friend of JOHNAY LIPSEY, a disabled minor

JAMES A. LEWIS
United States Attorney

s/David H. Hoff      Date signed: 11/27/12
David H. Hoff, AUSA
UNITED STATES ATTORNEY'S OFFICE
201 South Vine Street, Suite 226
Urbana, IL 61802-3369
217-373-5875; Fax: 217-373-5891
Email: david.hoff@usdoj.gov
ATTORNEY FOR DEFENDANT
UNITED STATES OF AMERICA


s/Michael W. Condon     Date signed: 11/27/12
Michael W. Condon
HERVAS CONDON & BERSANI, P.C.
333 Pierce Road
Suite 195
Itasca, IL 60143-3156
630-860-4342; Fax: 630-773-4851
Email: mcondon@hcbattorneys.com
ATTORNEY FOR DEFENDANTS KANKAKEE COUNTY,
a body politic; THE SHERIFF OF KANKAKEE COUNTY;
TIMOTHY F. BUTKOWSKI; MICHAEL DOWNEY;
HEATHER GILL, R.N.; TIMOTHY MENARD, P.A.;
CLYDE DAYHOFF, D.O.; AND IVETTE CHAREE  SANGSTER, L.P.N.

s/Christopher Bohlen                          Date signed: 11/28/12
Christopher Bohlen
BARMANN BOHLEN JACOBI &
CIESLIK PC
200 E. Court Street
Suite 602
Kankakee, IL 60901
815-939-1133; Fax: 815-939-0994
Email: bohlen@kankakeelaw.com
ATTORNEY FOR DEFENDANT
MJS ADVANTAGE, INC., a corporation