UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LIPSEY, Individually and as father and next friend of JOHNAY LIPSEY, a disabled minor,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA, KANKAKEE COUNTY, a body politic, THE SHERIFF OF KANKAKEE COUNTY, TIMOTHY F. BUKOWSKI, MICHAEL DOWNEY, HEATHER GILL, R.N., TIMOTHY MENARD, P.A., CLYDE DAYHOFF, D.O., and IVETTE CHAREE SANGSTER, L.P.N.,<br><br>      Defendants. | Case No. 12-2100 |

## O R D E R

On May 26, 2016, summary judgment was entered in favor of Defendant United States of America; a Motion for Summary Judgment by the remaining Defendants remains pending and is fully briefed. Plaintiff, John Lipsey ("Lipsey"), has now moved for the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). For the reasons set forth below, Plaintiff's Motion for FRCP 54(b) Certification of Partial Final Judgment [255] is DENIED.

1

DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b).   Thus, if the action involves multiple parties or claims for relief and the order at issue decides "finally and completely" at least one discrete claim, the Court may direct entry of final judgment as to that party or claim.   Local P-171 v. Thompson Farms Co., 642 F.2d 1065, 1069 (7th Cir. 1981).   If these two elements are satisfied, then the Court has discretion to determine whether or not there is just reason for delay by weighing "the virtues of accelerated judgment against the possible drawbacks of piecemeal review."   Id. at 1071-72.

In support of his Petition for 54(b) Finding, Lipsey correctly notes that this action involves more than one claim and more than one party.   He then notes that all claims against the United States have now been resolved by virtue of the Court's May 26, 2016 Order and June 2, 2016 Text Order terminating the United States as a party to this action.   Thus, Lipsey maintains, and this Court agrees, that the two non-discretionary prongs of Local P-171 have been satisfied.

The Court must now weigh the benefits and burdens of granting final judgment.   Lipsey argues that an immediate appeal would prevent him from being prejudiced by avoiding the need for a second, full-blown, expensive trial in the event that the Order granting summary judgment in favor of the United States is reversed on appeal.   However, Lipsey argues as if summary judgment has been

denied against the remaining Defendants, and trial is imminent, when the Motion for Summary Judgment by the Kankakee County Defendants remains pending.  Although the request for certification might be well taken if summary judgment is in fact denied as to the remaining Defendants, certification will be completely unnecessary if the pending motion is resolved in favor of the Kankakee County Defendants, thereby resulting in a final judgment for the entire case.  Until then, the suggestion that this case presents the danger of duplicative trials and unnecessary expense, or that certification would promote judicial economy, is only speculative.

Lipsey has further failed to overcome the Court's inclination to avoid duplicative and piecemeal appeals, as there appears to be some non-negligible degree of factual and legal overlap between his allegations against the United States and the remaining Defendants.  The Seventh Circuit has cautioned that the claims to be certified must be separate from the remaining claims, "separate not in the sense of arising under a different statute or legal doctrine . . . but in the sense of involving different facts." Ty, Inc. v. Publications International, Ltd., 292 F.3d 512, 515 (7th Cir. 2002); Walters & Sons Corp. v. Morton Bldg., Inc., 737 F.2d 698, 702 (7th Cir. 1984).  Finally, he has presented no equitable justification that would weigh in favor of a Rule 54(b) determination.  Accordingly, this Court cannot find that there is no just reason for delay in determining the rights and liabilities of the parties to this litigation and declines to direct the entry of a final judgment with respect to Defendant United States at this time.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for FRCP 54(b) Certification of Partial Final Judgment [255] is DENIED WITHOUT PREJUDICE to renewing the request in the event that the pending summary judgment motion is denied.

ENTERED this 27th day of October, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge